**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ADVANCED PHYSICAL MEDICINE OF YORKVILLE, LTD., an Illinois medical corporation,<br>Plaintiff,<br><br>vs.<br><br>BLUE CROSS BLUE SHIELD OF ILLINOIS, A DIVISION OF HEALTH CARE SERVICE CORPORATION, a mutual legal reserve company, FERRARA CANDY COMPANY, an Illinois Corporation, FERRARA CANDY COMPANY HOLDINGS, INC., a Delaware corporation, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation, BLACK & JONES, LLC, an Illinois limited liability company, and RUFINA PASSAMENTT,<br><br>Defendants. | ) | Case No.: 1:26-cv-14014 |

# COMPLAINT

NOW COMES the Plaintiff, ADVANCED PHYSICAL MEDICINE OF YORKVILLE, LTD., by and through its attorneys, LAW OFFICES OF MCLAUGHLIN & ASSOCIATES, P.C., and for its Complaint against BLUE CROSS BLUE SHIELD OF ILLINOIS, A DIVISION OF HEALTH CARE SERVICE CORPORATION, FERRARA CANDY COMPANY, FERRARA CANDY COMPANY HOLDINGS, INC., TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, BLACK & JONES, LLC, and RUFINA PASSAMENTT, states as follows:

## Nature of the Action

1. This action arises out of a dispute concerning payment for medical treatment and related services that Plaintiff provided to Rufina Passamentt between the dates of October 8, 2018 and September 8, 2021.

2. Count I is a narrow claim under section 502(a)(1)(b) of the Employee Retirement Income Security Act ("ERISA") and 29 U.S.C. § 1132(a)(1)(B) against Defendants BLUE CROSS BLUE SHIELD OF ILLINOIS, A DIVISION OF HEALTH CARE SERVICES CORPORATION ("BCBSIL"), FERRARA CANDY COMPANY ("Ferrara"), and FERARA CANDY COMPANY HOLDINGS, INC. ("Ferrara Holdings") only, limited to recovery of benefits allegedly due under the governing group health plan for properly segregated claims that were not paid by Travelers Property Casualty Company of America, and which BCBSIL later recouped and/or refused to reprocess.

3. Count II is asserted separately, and where appropriate, in the alternative, under FRCP 8(d), against Defendant TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("Travelers") only, based on Travelers' own alleged independent written authorization for, and subsequent denials or partial payment of, claims for treatment under Rufina Passamentt's workers' compensation insurance.

4. Count III is asserted in the alternative under FRCP 8(d) against Defendants BLACK & JONES, LLC ("Black & Jones") and RUFINA PASSAMENTT ("Passamentt") only, and only for those amounts, if any, that remain lawfully collectible after the workers' compensation and ERISA payer disputes pursuant to Counts I and II are resolved, and after all required credits, write-offs, recoupments, and statutory limitations are applied.

**Parties**

5. Plaintiff, ADVANCED PHYSICAL MEDICINE OF YORKVILLE, LTD. ("APMY") is an Illinois medical corporation, with its principal place of business located at 207 Hillcrest Avenue, Suite A, Yorkville, Kendall County, IL 60560.

6. Defendant BCBSIL is an Illinois corporation, with its principal place of business located at 300 E. Randolph Street, Chicago, IL 60601. Upon information and belief, BCBSIL is the claims administrator for Passamentt's employee health insurance plan.

7. Defendant Ferrara is an Illinois corporation, with its Registered Agent located at 801 Adlai Stevenson Drive, Springfield, IL 62703. Upon information and belief, Ferrara or Ferrara Holdings are the plan sponsor for Passamentt's employee health insurance plan.

8. Defendant Ferrara Holdings is a Delaware corporation, with its Registered Agent located at 251 Little Falls Drive, Wilmington, DE 19808. Upon information and belief, Ferrara Holdings or Ferrara are the plan sponsor for Passamentt's employee health insurance plan.

9. Defendant Travelers is a Connecticut corporation, with its principal place of business located at One Tower Square, Hartford, CT 06183.

10. Defendant Black & Jones is an Illinois limited liability company with its principal place of business located at 308 W. State Street, Suite 300, Rockford, IL 61101.

11. Defendant Passamentt is a resident of Yorkville, Kendall County, Illinois.

**Jurisdiction and Venue**

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 for the claims asserted in Count I. These claims pose questions of federal law arising under provisions of ERISA. Additionally, 29 U.S.C. § 1132(e)(1) grants the U.S. district courts exclusive

jurisdiction of claims brought under 29 U.S.C. § 1132(a)(1)(A) and concurrent jurisdiction for claims brought under 29 U.S.C. § 1132(a)(1)(B).

13. This Court has supplemental jurisdiction over Counts II and III pursuant to 28 U.S.C. § 1367 because those Counts arise from the same general course of treatment, the same patient account, overlapping claim submissions, collection restrictions and alleged resumption rights, and related payment and recoupment events that are part of the same overall controversy plead in those Counts.

14. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to these claims occurred in this district and under 29 U.S.C. § 1132(e)(2) as the district in which the health benefits plan was administered.

**Common Facts**

15. Passamentt allegedly suffered a work-related injury on May 3, 2018 (the "Injury").

16. Passamentt signed APMY's Office Financial Policy on October 8, 2018. In relevant part, the Office Financial Policy states that:

> "If your carrier has not paid a claim within (60) days of submission, you agree to take active part in the recovery of your claim. If your insurance carrier has not paid within ninety (90) days of submission, you accept responsibility for payment in full of any outstanding balance and authorize us to use your credit card to collect full payment.
>
> If you have a patient balance that is 90 days old or greater, we reserve the right to charge your account 9% interest or up to the maximum allowable by IL law (whichever is greater). You also understand that you will be personally responsible for any fees occurred by Advanced Physical Medicine of Yorkville including collections, court, and attorneys fees in order to collect a balance due. This fee is in addition to your balance due."

A true and correct copy of APMY's executed Office Financial Policy is attached hereto as Exhibit A.

17. Passamentt began receiving treatment from APMY related to the Injury on October 8, 2018. APMY verified Passamentt's workers' compensation insurance benefits with Travelers on October 23, 2018.

18. Passamentt filed a workers' compensation claim on December 19, 2018, Case No. 18 WC 037472, regarding the injuries she allegedly sustained on May 3, 2018 (the "Workers' Compensation Claim"), and retained Black & Jones as her attorneys for the Workers' Compensation Claim.

19. On December 28, 2018, Black & Jones sent a letter to APMY along with a Workers Compensation Subpoena, requesting APMY's entire medical record for Passamentt. A true and correct copy of Black & Jones's December 28, 2018 letter and subpoena are attached hereto as Exhibit B.

20. On December 28, 2018, APMY spoke with "Kim", the nurse case manager at Travelers, regarding Passamentt's case. Kim indicated to APMY that it should stop sending claims related to Passamentt's back injuries, as Travelers had already denied this treatment as unrelated to her work injury. Kim indicated that Nivian Valladares, the claims adjuster for Passamentt's case ("Valladares"), made the decision to deny these claims without a physician's opinion, and that any request for an examination review would need to be sent to Valladares.

21. On January 3, 2019, APMY sent a request to Valladares via fax, requesting explanations of benefits regarding the claims submitted to Travelers, as well as information regarding Travelers' decision that treatment provided by APMY was not medically necessary. A true and correct copy of APMY's January 3, 2019 fax to Travelers is attached hereto as Exhibit C.

22. APMY never received a response to its request from Valladares or Travelers.

23. On March 12, 2019, APMY sent an email to Black & Jones regarding the status of Passamentt's treatment and her unpaid balance. In this email, APMY stated:

> "I have attached [Passamentt's] current statement for the care she received from our facility. Her current balance is $31,984.00. Work comp is denying all treatment related to her back from our facility. They won't tell me why nor will they send me any utilization review or section 12 examination to provide any evidence they have as to why they won't pay on her claims.
>
> …
>
> It is my understanding that Work Comp approved a right shoulder surgery several months ago. Mrs. Passamentt will be returning to our facility to have her right shoulder post-surgical therapy. That means her bill with us will eventually be more than $31,984.00.
>
> Because I have referred Mrs. Passamentt to your office, Work Comp will no longer talk or deal with me or my office. Therefore, I have no way of disputing their denials. Please advise if you are able to dispute the denials and if you need me to write any reports."

A true and correct copy of APMY's March 12, 2019 email to Black & Jones is attached hereto as Exhibit D.

24. On March 27, 2019, Black & Jones sent a letter to APMY, which stated that:

> "[Passamentt] has filed a claim with the Illinois Workers' Compensation Commission… all collection practices must cease once the provider has been notified that a claim has been filed … Once the final award, judgment or settlement is entered collection practices may resume if the bill is not paid. The statute of limitations is tolled during these proceedings."

A true and correct copy of Black & Jones's March 27, 2019 letter is attached hereto as Exhibit E.

25. On July 2, 2019, APMY sent a fax to Valladares, requesting that Travelers reprocess all claims from May 8, 2019 onward, as these were for post-surgical physical therapy, which had previously been approved. A true and correct copy of APMY's July 2, 2019 fax to Valladares is attached hereto as Exhibit F.

26. APMY never received a response from Travelers to its July 2, 2019 request.

27. On July 29, 2019, APMY sent another fax to Valladares, appealing the denials of claims between May 8, 2019 and June 25, 2019 as "not medically necessary". APMY requested the reviewing clinician's information and reports detailing their rationale for the decision that the treatment was not medically necessary. A true and correct copy of APMY's July 29, 2019 fax is attached hereto as Exhibit G.

28. In a letter to APMY dated August 16, 2019, Travelers approved 12 additional visits, for a total of 48 approved visits through September 12, 2019. A true and correct copy of Travelers' August 16, 2019 letter is attached hereto as Exhibit H.

29. However, Travelers only paid for 21 visits in that period, and denied the remaining visits.

30. On February 6, 2020, APMY sent a request to Black & Jones via fax, which stated:

> "Rufina has completed her care with us related to her work injury. As of today, the total balance of her unpaid claims is $57,943. Attached is a detail of all the unpaid claims that contains a calculation for the interest allowed by Il Workers Compensation Law at 1% per month. The interest amount was calculated with today's date as a payment date. The total with interest charges is currently $64,082.09. If you need any further information, please let me know."

A true and correct copy of APMY's February 6, 2020 fax is attached hereto as Exhibit I.

31. On February 11, 2020, Black & Jones sent another letter to APMY, similar to its previous letter on March 27, 2019, once again advising that a workers' compensation case had been filed and that collection attempts must cease. A true and correct copy of Black & Jones's February 11, 2020 letter is attached hereto as Exhibit J.

32. On September 2, 2020, APMY sent a letter to Passamentt, advising her that her account was past due, and requested that Passamentt contact APMY for status or to set up a

payment plan. A true and correct copy of APMY's September 2, 2020 letter is attached hereto as Exhibit K.

33. In a letter to APMY dated October 7, 2020, Travelers approved a total of 51 physical therapy visits through November 2, 2020. A true and correct copy of Travelers' October 7, 2020 letter is attached hereto as Exhibit L.

34. In another letter to APMY dated March 15, 2021, Travelers approved another 12 visits through April 9, 2021. A true and correct copy of Travelers' March 15, 2021 letter is attached hereto as Exhibit M.

35. On April 30, 2021, APMY sent another appeal to Travelers for claims between October 8, 2018 and April 30, 2021 which were denied as allegedly unrelated to Passamentt's injury and/or medically necessary. In this appeal, APMY referenced a conversation with Travelers' representative "Fernanda", who stated that Travelers had not sent this matter for a physician's review, and refused to provide any information regarding Passamentt's injury or payment of claims because Passamentt had retained an attorney. A true and correct copy of APMY's April 30, 2021 appeal is attached hereto as Exhibit N.

36. On May 7, 2021, APMY submitted claims to BCBSIL for services rendered between February 27, 2020 and April 9, 2021, which had not been paid by Travelers.

37. On May 10, 2021, Passamentt executed APMY's Authorized Representative Form, appointing APMY as her representative for requests for documents and appeals of claims to BCBSIL. A true and correct copy of the executed Authorized Representative Form is attached hereto as Exhibit O.

38. On May 10, 2021, APMY submitted claims forms to Travelers for 121 visits. These claims had previously been submitted and denied due to a medical coding error, but

APMY corrected the diagnosis numbers for the claims per Travelers' request and resubmitted them for processing.

39. Travelers subsequently denied each of the resubmitted claims as duplicative.

40. On June 29, 2021, APMY received a claim summary from BCBSIL, which advised that the claims submitted by APMY had been denied due to incorrect coding, and requested that the claims be resubmitted with corrected codes.

41. APMY re-submitted the 121 claims to Travelers once again on July 7, 2021, with a letter explaining that these were new submissions with corrected information. A true and correct copy of APMY's July 7, 2021 letter is attached hereto as Exhibit P.

42. On August 16, 2021, Travelers sent APMY reconsiderations for these claims, once again denying the claims as duplicative and/or having already been adjudicated, and confirming that no additional payments would be made.

43. On August 30, 2021, APMY submitted a request to Valladares for an explanation as to why these claims continued to be denied, and what would be needed in order to have them paid. A true and correct copy of APMY's August 30, 2021 correspondence is attached hereto as Exhibit Q.

44. On or about August 30, 2021, Travelers specifically approved a functional capacity evaluation ("FCE") at APMY, stating that "the outpatient service … has been determined to be medically necessary." A true and correct copy of Travelers' August 30, 2021 approval letter is attached hereto as Exhibit R.

45. Based on Travelers' approval, APMY performed the FCE for Passamentt on September 8, 2021.

46. On September 22, 2021, APMY submitted a claim review form to Travelers for claims between March 17, 2021 and May 6, 2021 that had been paid at an incorrect rate. APMY pointed out that similar claims on other dates had been processed properly, and requested that these claims be reprocessed at the correct amount. A true and correct copy of APMY's September 22, 2021 claim review form is attached hereto as Exhibit S.

47. On November 5, 2021, APMY submitted an appeal to Travelers for claims from May 17, 2021 forward. This appeal requested that Travelers provide information regarding the clinician who had reviewed and made determinations for these claims, along with their rationale upon which the determinations were made. A true and correct copy of APMY's November 5, 2021 appeal is attached hereto as Exhibit T.[1]

48. APMY received no response from Travelers to either its September 22, 2021 claim review request or its November 5, 2021 appeal.

49. On November 23, 2021, Travelers denied the claim for the September 8, 2021 FCE that it had previously specifically approved.

50. On December 2, 2021, APMY sent another letter to Passamentt, advising her that her account was past due, and requested that Passamentt contact APMY for status or to set up a payment plan. A true and correct copy of APMY's December 2, 2021 letter is attached hereto as Exhibit U.

51. On December 8, 2021, APMY submitted another appeal to Travelers for unpaid or partially paid claims from March 17, 2021 onward. A true and correct copy of APMY's December 8, 2021 appeal is attached hereto as Exhibit V.

---

[1] The date on the appeal letter is September 22, 2021, but the shipping label lists November 5, 2021 as the mailing date.

52. On January 28, 2022, Black & Jones sent APMY a workers' compensation subpoena for any and all medical records for Passamentt going back to December 15, 2018. A true and correct copy of Black & Jones' January 28, 2022 letter and subpoena are attached hereto as Exhibit W.

53. APMY sent its responsive documents to Black & Jones on March 17, 2022. A true and correct copy of APMY's March 17, 2022 correspondence to Black & Jones is attached hereto as Exhibit X.

54. On April 23, 2024, APMY received an email from Kevin McManis ("McManis"), Passamentt's new attorney regarding the status of the settlement of the Workers' Compensation Claim. This email forwarded an earlier email from Black & Jones, which stated that "[Passamentt] signed contracts but they are not approved yet. Contract terms state that work comp is responsible for payment of reasonable and related medical bills. [APMY] will have to contact work comp for payment." A true and correct copy of this correspondence is attached hereto as Exhibit Y.

55. APMY received no further information from Travelers, Black & Jones, or McManis regarding settlement of the Workers' Compensation Claim or any payments for medical bills made under that settlement.

56. However, a copy of the workers' compensation settlement agreement obtained by FOIA request shows that Passamentt signed a settlement agreement on April 11, 2024, for the amount of $260,000.00, which was approved by the workers' compensation arbitrator on April 12, 2024 (the "WC Settlement Agreement"). Pursuant to the WC Settlement Agreement, "[t]his settlement includes liability for all temporary total compensation and all medical, surgical, rehabilitation, and hospital expenses accrued and to be incurred allegedly resulting from the said

accidental injury." However, the exhibits to the WC Settlement Agreement, which allegedly detail the medical bills to be paid from the settlement proceeds, were not provided. A true and correct copy of the Workers' Compensation Claim settlement agreement is attached hereto as Exhibit Z.

57. APMY never received any payments pursuant to the WC Settlement Agreement.

58. On April 29, 2024, APMY spoke with Passamentt's daughter, Daysi, regarding Passamentt's outstanding balance.

59. On April 30, 2024, APMY sent Daysi a follow-up email explaining that Travelers and BCBS had failed properly to process claims, including claims that had previously been approved, and stating that Passamentt had an outstanding balance of $80,747.67 at that time. From this email, it appears as though Daysi was going to attempt to contact Travelers to resolve the matter, but it is unknown if this ever occurred. A true and correct copy of APMY's April 30, 2024 email is attached hereto as Exhibit AA.

60. Into 2025, APMY continued its attempts to obtain clarification from Travelers and BCBSIL regarding claims that had been paid incorrectly, denied, or recouped.

61. On April 21, 2025, APMY sent three separate emails to Travelers' representative "Brenda" regarding claims that had been paid at incorrect amounts or which had been denied outright. In these emails, APMY requested that Brenda confirm receipt of its request and provide Travelers' records regarding the payment of claims by Travelers and BCBSIL, as well as any amounts Travelers' had repaid to BCBSIL. True and correct copies of APMY's April 21, 2025 emails to Travelers are attached hereto as Exhibit BB.

62. APMY never received a response to its April 21, 2025 requests, and the information requested therein was never provided.

63. On July 14, 2025, APMY sent a Claim Review Form to BCBSIL for claims submitted between May 10, 2021 and August 30, 2021. On this form, APMY stated:

> "BCBSIL processed claims for payment from 2020 and 2021 for this patient. It was for injuries she sustained that were possibly rated to a work injury. The worker's compensation company (Traveler's Insurance) disputed most of the claims, but partially paid on some of the services. In 2025, BCBS recouped more than $9,000 from our facility. I believe this recoupment to be erroneous (in part). I have reviewed the patient's account and have enclosed CMS1500 forms for which BCBS is liable for paying as Traveler's Insurance didn't pay on the enclosed claims. Please reprocess the following CMS1500 forms for payment as they are not a duplicate and no other insurance has paid on these claims."

A true and correct copy of APMY's July 14, 2025 claim review request is attached hereto as Exhibit CC.

64. APMY received no response from BCBSIL to its July 14, 2025 review request.

65. On August 14, 2025, BCBSIL sent a letter to APMY requesting a further refund of amounts that had allegedly been double paid by Travelers and BCBSIL. A true and correct copy of BCBSIL's August 14, 2025 letter is attached hereto as Exhibit DD.

66. On August 28, 2025, APMY submitted a partial refund to BCBSIL, stating that there had only been 4 dates of service that were double paid, and that the remaining amounts had already previously been recouped by BCBSIL. A true and correct copy of APMY's August 28, 2025 correspondence to BCBSIL is attached hereto as Exhibit EE.

67. To date, Passamentt's unpaid balance for treatment, which includes claims wrongly denied or unpaid by Travelers and/or BCBSIL, is $93,139.14, not including late fees or interest. However, because of Travelers' and BCBSIL's failure to properly provide documentation regarding the denials of APMY's claims or the determinations as to which claims were allowed or should have been allowed under the Workers' Compensation Claim, the exact

amount, if any, lawfully collectible from Defendants cannot be determined unless and until payments, recoupments, and statutory limitations are determined on a claim-by-claim basis.

**Count I: Recovery of Benefits Due Pursuant to 29 U.S.C. § 1132(a)(1)(B)**
**(BCBSIL, Ferrara, Ferrara Holdings)**

68. APMY realleges Paragraphs 1 through 67 as if fully set forth herein.

69. APMY brings Count I under 29 U.S.C. § 1132(a)(1)(B) to recover benefits due to APMY under Passamentt's group health insurance plan that BCBSIL arbitrarily and capriciously denied or otherwise failed to process.

70. APMY has exhausted its administrative remedies regarding the disputed denials of benefits for the Services under 29 C.F.R. § 2560.503-1(l)(1). BCBSIL failed to follow procedures consistent with a full and fair review of Plaintiff's appeal as required by 29 U.S.C. § 1133(2) and defined under 29 C.F.R. § 2560.503-1.

71. BCBSIL never provided a rationale as to why it continued to deny payment for claims that were not duplicative or covered by Travelers, as was requested by APMY in its July 14, 2025 claim review submission (see Exhibit CC).

72. Not only did BCBSIL provide no response to APMY's claim review request, but it continued to request recoupment for allegedly double-paid claims.

73. To the extent the services and claims at issue were covered under the Plan, and were not duplicative of benefits that were paid by Travelers under the Workers' Compensation Claim, BCBSIL and/or Ferrara wrongfully failed to pay and/or wrongfully recouped benefits due on covered claims.

74. APMY seeks only the recovery of benefits due under the Plan for those claims which were properly submitted to BCBSIL, but which were wrongfully denied as duplicative or having allegedly been paid by Travelers.

75. As Plan Sponsor, Ferrara or Ferrara Holdings is liable as a fiduciary under the Plan for BCBSIL's denials, improperly processed claims, and wrongful recoupments of payments.

76. Therefore, APMY is entitled to recover damages in an amount to be determined by claim-by-claim proof under the Plan, and after credit for any overlapping payments, recoupment reversals, or other recovery, plus attorneys' fees and costs under 29 U.S.C. § 1132(g)(1).

WHEREFORE, for the foregoing reasons, Plaintiff, ADVANCED PHYSICAL MEDICINE OF YORKVILLE, LTD., respectfully requests this Court to enter judgment in its favor and against Defendants BLUE CROSS BLUE SHIELD OF ILLINOIS, A DIVISION OF HEALTH CARE SERVICE CORPORATION, FERRARA CANDY COMPANY, and FERRARA CANDY COMPANY HOLDINGS, INC., for an amount to be determined by discovery, attorneys’ fees and costs, and such other relief as the Court deems just and proper.

**COUNT II: State Law Claim Based on Independent Written Authorization and Payment Undertakings**
**(Travelers; Pled Separately and, if Necessary, in the Alternative Under Rule 8(d))**

77. APMY realleges Paragraphs 1 through 76 as if fully set forth herein.

78. Pursuant to the Illinois Workers' Compensation Act, 820 ILCS 305/82(d):

> "When a patient notifies a provider that the treatment, procedure, or service being sought is for a work-related illness or injury and furnishes the provider the name and address of the responsible employer, the provider shall bill the employer or its designee directly. The employer or its designee shall make payment for treatment in accordance with the provisions of this Section directly to the provider, except that, if a provider has designated a third-party billing entity to bill on its behalf, payment shall be made directly to the billing entity. Providers shall submit bills and records in accordance with the provisions of this Section.
>
> …

> (3) In the case (i) of nonpayment to a provider within 30 days of receipt of the bill which contained substantially all of the required data elements necessary to adjudicate the bill, (ii) of nonpayment to a provider of a portion of such a bill, or (iii) where the provider has not been issued an explanation of benefits for a bill, the bill, or portion of the bill up to the lesser of the actual charge or the payment level set by the Commission in the fee schedule established in this Section, the bill, or portion of the bill, shall incur interest at a rate of 1% per month payable to the provider. Any required interest payments shall be made within 30 days after payment.
>
> (4) If the employer or its insurer fails to pay interest within 30 days after payment of the bill as required pursuant to paragraph (3), the provider may bring an action in circuit court for the sole purpose of seeking payment of interest pursuant to paragraph (3) against the employer or its insurer responsible for insuring the employer's liability pursuant to item (3) of subsection (a) of Section 4. The circuit court's jurisdiction shall be limited to enforcing payment of interest pursuant to paragraph (3). Interest under paragraph (3) is only payable to the provider. An employee is not responsible for the payment of interest under this Section."

79. Claims for services provided by APMY to Passamentt related to the Injury were consistently submitted to Travelers in a timely manner.

80. Despite multiple approvals for continued visits and services, Travelers denied or only partially paid for APMY's submitted claims, asserting that the claims were either not medically necessary, or were not covered under Passamentt's workers' compensation insurance or related to the Injury.

81. All communications sent by APMY to Travelers requesting clarification as to how the determinations of medical necessity or relation of treatment to the Injury were being made were ignored.

82. Based on Travelers' own written authorization and payment-related undertakings for approved treatment, Travelers became liable for approved services that it later denied or underpaid on a claim-by-claim basis, including but not limited to the approved FCE.

83. Due to Travelers' inconsistent payment or denial of services and the lack of responsive communication and information provided regarding which treatments were ultimately approved under the Workers' Compensation Claim, it is unclear what amounts APMY is entitled to, from either the claims submitted to Travelers, or from the WC Settlement Agreement, if any.

84. To the extent Count II is viable, APMY seeks only claim-specific damages attributable to Travelers' own independent obligation, plus any available interest, costs, and other relief as permitted. APMY does not seek duplicate recovery of any charge that is recovered, paid, credited, written off, or otherwise resolved under Count I.

WHEREFORE, for the foregoing reasons, Plaintiff, ADVANCED PHYSICAL MEDICINE OF YORKVILLE, LTD., respectfully requests this Court to enter judgment in its favor and against Defendant TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, for an amount to be determined by discovery, and such other relief as the Court deems just and proper.

**Count III: Alternative and Conditional Patient Liability**
**(Passamentt & Black & Jones; Pled in the Alternative Under Rule 8(d))**

85. APMY realleges Paragraphs 1 through 84 as if fully set forth herein.

86. APMY provided treatment to Passamentt and pursued all remedies available to it for payment through Travelers and BCBSIL.

87. Pursuant to direction from Black & Jones, APMY ceased collection attempts during the pendency of the Workers' Compensation Claim, with the understanding that collection attempts could resume after the final settlement for bills that remained unpaid.

88. Despite having kept Black & Jones updated with the current balance due for Passamentt's treatment and having sent all relevant medical records to Black & Jones multiple

times, at its request, all communications sent to Black & Jones regarding the status of the Workers' Compensation Case and the WC Settlement Agreement were ignored.

89. To date, Passamentt has an unpaid balance to APMY in the amount of $93,139.14, not including late fees or interest, which continue to accrue.

90. Under the Illinois Workers' Compensation Act, 820 ILCS 305/82(e):

> "If the employee participates in a group health plan, the provider may submit a claim for services to the group health plan. If the claim for service is covered by the group health plan, the employee's responsibility shall be limited to applicable deductibles, co-payments, or co-insurance.
>
> …
>
> (e-5) If an employer notifies a provider that the employer does not consider the illness or injury to be compensable under this Act, the provider may seek payment of the provider's actual charges from the employee for any procedure, treatment, or service rendered. Once an employee informs the provider that there is an application filed with the Commission to resolve a dispute over payment of such charges, the provider shall cease any and all efforts to collect payment for the services that are the subject of the dispute. Any statute of limitations or statute of repose applicable to the provider's efforts to collect payment from the employee shall be tolled from the date that the employee files the application with the Commission until the date that the provider is permitted to resume collection efforts under the provisions of this Section."

91. Further, pursuant to the Office Financial Policy signed by Passamentt prior to receiving treatment from APMY, Passamentt agreed to be personally responsible for any outstanding balance, as well as interest and any fees incurred by APMY for collection attempts and court action.

92. Accordingly, APMY seeks a determination of Passamentt's personal responsibility for residual amounts due from Passamentt after the adjudication of those claims at issue in Counts I and II.

93. Further, to the extent Passamentt and Black & Jones received payments under the WC Settlement Agreement, APMY is entitled to a portion of those funds.

94. APMY does not seek from Passamentt or Black & Jones any amount that is ultimately determined payable by Travelers or BCBSIL. Further, APMY does not seek any amount barred from collection by the Illinois Workers' Compensation Act, including any amount the Act requires the employer or carrier to pay or any amount exceeding applicable Workers' Compensation Act limitations.

WHEREFORE, for the foregoing reasons, Plaintiff, ADVANCED PHYSICAL MEDICINE OF YORKVILLE, LTD., respectfully requests this Court to enter judgment in its favor and against Defendants RUFINA PASSAMENTT and BLACK & JONES, LLC, for an amount to be determined by discovery and by resolution of Counts I and II, plus interest and late fees, which continue to accrue, attorneys' fees and costs, and such other relief as this Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF MCLAUGHLIN & ASSOCIATES, P.C.

By: */s/ Kenneth S. McLaughlin, Jr.*
Attorney for Plaintiff

Kenneth S. McLaughlin, Jr.
Law Offices of McLaughlin & Associates, P.C.
1 E. Benton Street, Suite 301
Aurora, IL 60505
(630) 230-8434
kmclaughlin@ma-lawpc.com
ARDC # 6229828